GEORGE SWINDELL, Plaintiff, *v.* NEW YORK AND CUBA
STEAMSHIP COMPANY, Defendant.

(Supreme Court, Kings Trial Term, January, 1917.)

New trial — motion for, when granted — trial — motions and orders —
costs — negligence — Greater New York charter, § 816 et seq.

In an action to recover for personal injuries it appeared
that some longshoremen were seated on a large heavy skid
stored in a part of a public street, so loaded on a hand truck
as to make a "see-saw," and that upon being summoned to
work on defendant's pier, in the city of New York, alongside
of which an in-coming steamer was to be moved for discharging
and receiving cargo, they rose from the skid with the result
that one end of it fell upon plaintiff's foot as he, with other
longshoremen, was waiting in what was alleged to be the public
highway expecting to be called to work in unloading another
vessel at the same pier. The case was submitted to the jury
upon the theory that defendant by storing or keeping the skid
in such place was maintaining a public nuisance, and though
the issue as to the legal status of the highway or place where
the accident happened was clearly tendered by the pleadings,
section 816 *et seq.* of the Greater New York charter, relating
to the spervision and control of the marginal way or exterior
along the water front of the city, were neither read nor
explained to the jury or submitted to the court. *Held,* that in
the interests of justice, defendant's motion for a new trial after
a verdict in plaintiff's favor should be granted, but only on
condition of the payment to plaintiff of costs after notice and
before trial, the trial fee and disbursements, besides the costs
of the motion for a new trial.

Neither a variation in the pavement nor the fact that the
so-called "marginal way" where the accident happened was
cleaned by employees of the city dock department in any way
limits the public character of said space, nor does the failure
of the dock department officials to object to a skid being stored
in such place, if otherwise illegal, justify its continuance or
legalize it.

MOTION by defendant for new trial.

Albert E. Dacy, for motion.

Thomas Downs, opposed.

KELLY, J.   The defendant moves, under Code section 999, for a new trial.

The case was tried and submitted to the jury upon the theory that defendant was charged with maintaining a public nuisance in South street, New York city, in that it unlawfully used the public highway for its private purposes, by storing or keeping therein a large heavy skid, loaded on a hand truck.  Because of the size, shape and weight of the skid, it extended beyond the hand truck on either end, with the result that it formed a sort of " see-saw."  The plaintiff, a longshoreman, with others, was waiting in what was alleged to be the public highway, expecting to be called to work in unloading a vessel on defendant's pier, which extended out from the bulkhead line into the East river.  One of defendant's steamers was docking at the pier.  Some of the longshoremen had seated themselves on the skid, and upon being summoned to work on the pier, alongside of which the steamer was to be moored for discharging and receiving cargo, they rose from the skid, with the result that one end of it fell upon plaintiff's foot.  Plaintiff was not one of the men using the skid.  It is for the injury thus received that the verdict has been rendered against the defendant.

On the evidence, it appeared that the place at which the skid was stored was part of South street proper.  A surveyor, who made a map in evidence, so testified, and the physical surroundings justified the conclusion.

Against this, the defendant sought to assert a con-

trol of the particular place in the commissioner of docks of the city of New York, and there was testimony from the superintendent of docks, a subordinate of the commissioner, that he, the superintendent, knew of the use of this part of the public way by the defendant and had not objected to it; that the point in question was what is called the " marginal way " and that it was under the control of the department of docks; that the use of the way for storing the defendant's skid was in some way connected with the maintenance and development of the commerce of the port of New York, and the department, while it had issued no license or permit to the defendant to so use the street or way, did not object to it, nor did they order the removal of the skid.

The defendant relied entirely on this tacit permission, and no reference was made to the charter provisions providing for marginal ways or exterior streets along the water front, or to any map or plan identifying the space, or to any rules or regulations governing its use. I called the attention of the learned counsel for the defendant to this omission during the trial, but the case went to the jury without the particular sections of the charter being read or explained to them, nor were they submitted to the court at the trial.

In his brief, submitted on this motion, counsel for defendant calls attention to the particular sections of the charter on which he relies, viz., sections 816, 817, 818, 819 and subsequent sections relating to the supervision and control of the marginal way, or exterior street along the water front of the city, as well as to the decisions of the Appellate Division in *Vilias* v. *Featherson,* 94 App. Div. 259, and *Interborough R. T. Co.* v. *City of New York,* 172 id. 230.

I do not wish in any way to intimate that the sec-

tions of the charter referred to absolve the defendant from liability in this case, but it seems to me, in the interests of justice, the defendant should have a new trial in which these sections of the charter may be presented and considered by the trial justice, and their applicability to or effect on this particular case determined. I think the new trial should be granted only upon condition that the defendant pay the costs after notice and before trial, the trial fee and the plaintiff's disbursements, to be taxed, with ten dollars costs of this motion to plaintiff. The issue as to the legal status of the highway or place where the accident occurred was clearly tendered to the defendant by the pleadings. Physically, and to all appearances, it was and is part of South street. The variation in the pavement, or the fact that the so-called marginal street is cleaned by employees of the dock department, in no way limited the public character of this space, nor did the failure of the dock department officials to object to a structure in or use of this space, if otherwise illegal, justify its continuance or legalize it. If defendant intended to show any private right vested in it, to use this space, it should have presented its proof of such right, if it had any, and this it did not do. But, it seems to me, under the charter, certain uses are permitted of this portion of the public domain, which would be illegal in an ordinary street, and as the case was submitted to the jury (necessarily on the evidence) on the theory that it was a public highway in the ordinary sense, defendant should have the opportunity to put in such proof.

I am not impressed with the argument that a recovery by plaintiff will "annihilate the usages and customs incidental to marginal ways." If the defendant's usage and custom is illegal, it should be "annihilated." Nor do I assent for a moment to the sound-

23

ness of the proposition advanced in the defendant's brief, that the legislature has vested any " autocratic power " in the commissioner of docks, for whom I have the highest respect. "Autocratic power " over streets and highways and public places is unknown to our law, which, as has been said so often, is a government of law and not of men.

. I do not know that, conceding the existence of the power to regulate this space in the department of docks, that it furnishes any answer to the plaintiff's claim that the skid in question was a public nuisance. The charter provisions, in vesting the commissioner with control over the property connected with his department, provided for the establishment of rules and ordinances and regulations for the granting of permits and licenses to persons who might lawfully be entitled to use part of the public way for their private purposes, but in the end for the public good. The theory that any official, no matter how upright and efficient, and, as I say, I do not intend the slightest criticism of the present commissioner of docks, may grant or withhold permits, without reason or rule or may allow occupation of public property for private uses without permit or license on record, simply by not objecting to it, is opposed to our modern notions of municipal government. These things should all be matters of established regulation and recorded permit, otherwise grave abuses might result, and the city might be held liable in cases when there was no legal liability.

I have also grave doubt whether, under any construction of the charter, the defendant could be permitted to use this marginal way or street for the purpose of storing the skid which caused the plaintiff's injury. This skid was the property of defendant and was used to discharge and load its vessels on its pri-

vate pier. The vessels did not load and unload on the marginal way or street. While the cargo, incoming or outgoing, might of necessity be allowed to temporarily occupy and obstruct the marginal way or street when the defendant's pier was unable to accommodate it, such cargo would not be loaded or unloaded from or to the public way, and the skid was unnecessary and not to be used in the public way. It is very evident that the skid used on defendant's private pier, having a number and well-defined location on the pier, while not in use, was rolled out into the street or way on the hand truck instead of being stored on the pier. I have some doubt whether such use of the marginal way could be justified in any case, and certainly there was no evidence of any rule or permit authorizing such use in the case at bar.

But, on the whole case, considering the theory on which the case was submitted to the jury and the rules of law governing the use of the place where the skid was located as given to them, I think it is best that a new trial be ordered.

Motion granted.